UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,                          **ANSWER**
                                                                      08-CV-6336

   -against-

EMMA B. MASSET,                                          **JURY TRIAL**
                                                                      **DEMANDED**

                        Defendant.

_____

       Defendant Emma B. Masset ("Masset"), by and through her attorneys, Whiteman Osterman & Hanna LLP, hereby answers the allegations of Plaintiff's complaint as follows:

       1.     To the extent that Paragraph "1" of the Complaint purports to set forth the nature of Plaintiff's claims, Masset denies knowledge or information sufficient to sufficient to form a belief as to the truth of the allegations set forth in Paragraph "1" of the Complaint. Masset denies the allegations set forth in Paragraph "1" of the Complaint to the extent they allege any liability or fault on the part of Masset.

       2.     Paragraph "2" of the Complaint sets forth a conclusion of law for which no responsive pleading is required. To the extent a response is deemed required, Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2" of the Complaint, and respectfully refers all questions of law, including questions of statutory interpretation, to the Court.

       3.     Paragraph "3" of the Complaint sets forth a conclusion of law for which no responsive pleading is required. To the extent a response is deemed required, Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

paragraph "3" of the Complaint and respectfully refers all questions of law, including questions of statutory interpretation, to the Court.

4. Masset admits the allegations set forth in Paragraph "4" of the Complaint.

5. With respect to the allegations set forth in Paragraph "5" of the Complaint, Masset admits that Westwood Chemical Corp. owned property located on Tower Road in Middletown, New York that contained various items of equipment. Masset otherwise denies the remaining allegations set forth in Paragraph "5" of the Complaint.

6. Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7. Masset admits that Ernst Masset was married to Masset, and that Ernst Masset died in April 1986. Masset denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph "7" of the Complaint.

8. Masset denies the allegations set forth in Paragraph "8" of the Complaint and respectfully refers all questions of law, including questions of statutory interpretation, to the Court.

9. Masset admits the allegations set forth in Paragraph "9" of the Complaint.

10. Masset denies the allegations set forth in Paragraph "10" of the Complaint.

11. Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12. Masset denies the allegations set forth in Paragraph "12" of the Complaint.

13. Masset denies the allegations set forth in Paragraph "13" of the Complaint.

14. Masset denies the allegations set forth in Paragraph "14" of the Complaint.

15. Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16. Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint, and respectfully refers all questions of law, including questions of statutory interpretation to the Court.

17. Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18. Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19. Masset admits the allegations set forth in Paragraph "19" of the Complaint and respectfully refers the Court to the documents referenced therein for all allegations concerning the contents thereof.

20. Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint.

21. Paragraph "21" of the Complaint alleges a conclusion of law for which no responsive pleading is required. To the extent a response is deemed required, Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "21" of the Complaint, and respectfully refers all questions of law, including questions of statutory interpretation, to the Court.

22. Paragraph "22" of the Complaint alleges a conclusion of law for which no responsive pleading is required. To the extent a response is deemed required, Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint, and respectfully refers all questions of law, including

questions of statutory interpretation, to the Court. Masset denies the allegations set forth in Paragraph "22" of the Complaint to the extent they allege any liability or fault on the part of Masset.

23. Paragraph "23" of the Complaint alleges a conclusion of law for which no responsive pleading is required. To the extent a response is deemed required, Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint, and respectfully refers all questions of law, including questions of statutory interpretation to the Court. Masset denies the allegations set forth in Paragraph "23" of the Complaint to the extent they allege any liability or fault on the part of Masset.

24. Paragraph "24" of the Complaint alleges a conclusion of law for which no responsive pleading is required. To the extent a response is deemed required, Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "24" of the Complaint, and respectfully refers all questions of law, including questions of statutory interpretation to the Court. Masset denies the allegations set forth in Paragraph "24" of the Complaint to the extent they allege any liability or fault on the part of Masset.

25. Masset admits the allegations set forth in Paragraph "25" of the Complaint and respectfully refers the Court to the documents referenced therein for all allegations concerning the contents thereof.

26. Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "26" of the Complaint.

27. With respect to the allegations set forth in Paragraph "27" of the Complaint, Masset repeats and realleges all of the foregoing responses set forth in this Answer with the same force and effect as though set forth at length herein.

28. Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint, and respectfully refers the Court to the statute referenced therein for all allegations concerning the contents thereof.

29. Paragraph "29" of the Complaint alleges a conclusion of law for which no responsive pleading is required. To the extent a response is deemed required, Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "29" of the Complaint, and respectfully refers all questions of law, including questions of statutory interpretation to the Court. Masset denies the allegations set forth in Paragraph "29" of the Complaint to the extent they allege any liability or fault on the part of Masset.

30. Paragraph "30" of the Complaint alleges a conclusion of law for which no responsive pleading is required. To the extent a response is deemed required, Masset denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "30" of the Complaint, and respectfully refers all questions of law, including questions of statutory interpretation to the Court.

31. Masset denies the allegations set forth in Paragraph "31" of the Complaint.

32. Masset denies the allegations set forth in Paragraph "32" of the Complaint.

33. Masset denies all other allegations set forth in the Complaint that are not expressly admitted herein.

**JURY TRIAL DEMAND**

34. Masset hereby demands a jury trial of all issues so triable.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

35. The Complaint fails to state a cause of action against Masset.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

36. No acts or omissions of Masset were the actual, proximate or legal causes of the release(s) and/or damages alleged in the Complaint.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

37. The claims asserted herein are precluded because any alleged release or threatened release of hazardous substances, and any costs or damages resulting therefrom, were cause solely by an act of God, act or war, and/or by acts or omissions of third parties over whom Masset had no control or responsibility, whether by contract or otherwise, and/or by the unforeseeable intervention of other causes outside Masset's control.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

38. To the extent that the claims arise from any release of threatened release of allegedly hazardous substances, resulting from acts or omissions of third parties over whom Masset had not control, Masset exercised due care with respect to the allegedly hazardous substances concerned, taking into account the characteristics of such substances and all other relevant facts and circmstances. Moreover, Masset took precautions against foreseeable acts or omission of third parties and foreseeable consequences of such acts or omissions.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

39. The costs incurred or to be incurred by Plaintiff in this action are not response costs recoverable from Masset within the meaning of CERCLA.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40. The costs incurred or to be incurred by Plaintiff in this action are not cost effective, are not effective or necessary for the protection of the public health and/or the environment, involve unreasonable costs, and otherwise are inconsistent with the National Contingency Plan and therefore are not recoverable from Masset pursuant to CERCLA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41. Masset did not ever own or operate or exercise any control over the Site and Masset did not arrange for disposal or treatment of hazardous substances at the Site by contract, agreement or otherwise, and Masset is therefore not responsible for any alleged hazardous substances which may have been treated or disposed thereon.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

42. Masset retained no title to any substance allegedly disposed of or treated at the Site.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

43. The claim asserted by Plaintiff in the Complaint is barred by the applicable statute of limitations.

WHEREFORE, Defendant Emma B. Masset respectfully requests that the Court issue judgment: (1) dismissing the complaint of the Plaintiff United States of America; and (2) granting such other and further relief as the Court deems just and proper.

DATED:   August 11, 2008
         Albany, New York

                                        WHITEMAN OSTERMAN & HANNA LLP

                              By:    /s/ John J. Henry
                                     John J. Henry, Esq. (Bar Roll No. JH-7137)
                                     Attorneys for Defendant
                                     One Commerce Plaza
                                     Albany, New York 12260
                                     Phone: (518) 487-7600

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2008, I electronically filed the foregoing Answer with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to Sarah Elizabeth Light, Esq., U.S. Attorney's Office, SDNY, 86 Chambers Street, New York, New York 10007, Attorneys for Plaintiff.

                                                  WHITEMAN OSTERMAN & HANNA LLP

By:    /s/ John J. Henry

                                                  John J. Henry, Esq. (Bar Roll No. JH-7137)
                                                  Attorneys for Defendant
                                                  One Commerce Plaza
                                                  Albany, New York 12260
                                                  Phone: (518) 487-7600